1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Helcim USA, INC.,

                Plaintiff,

    v.

MJ'S DISCOUNT WAREHOUSE,
INC., et al.,

                Defendants.

CASE NO. C24-1395JLR

SHOW CAUSE ORDER

Before the court is Plaintiff Helcim USA, Inc.'s ("Helcim") emergency motion for a temporary restraining order ("TRO"). (Mot. (Dkt. # 2).) Helcim asks this court to issue a TRO without notice to Defendants MJ's Discount Warehouse, Inc.; MJ's Wholesale Division; Southern Alliance Company, Inc.; Therapy Supply, Inc. a/k/a Therapy Supply, LLC a/k/a T&S Supply, Inc.; Jason Phillip Goins; Matthew Inman; Charles Clement; and Chris James (collectively, "Defendants"). (*Id.* at 13-14.) The court will not consider Helcim's motion until it is satisfied that it has personal jurisdiction over Defendants.

To issue emergency injunctive relief, the court must have personal jurisdiction over the parties.  *See Zepeda v. U.S. Immigr. & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *see also In re JPMorgan Chase Derivative Litig.*, 263 F. Supp. 3d 920, 928 (E.D. Cal. 2017) ("A federal court must independently ensure it has subject matter jurisdiction over every claim and personal jurisdiction over every party.").

Helcim alleges that Defendants reside and operate in Alabama but makes no allegations concerning their contacts in or with the State of Washington. (Compl. (Dkt. # 1) ¶¶ 6-15.  *See generally id.*)  Helcim alleges that this court has personal jurisdiction over Defendants because Helcim's terms and conditions contain "a valid forum selection clause subjecting MJ's Discount Warehouse, Inc. to this Court's personal jurisdiction." (*Id.* ¶ 17; *see* 9/3/24 Brown Aff. (Dkt. # 3) ¶ 5, Ex. A ("Terms & Conditions") ¶ 19.15 ("[T]he parties irrevocably and unconditionally attorn [*sic*] to the exclusive jurisdiction of the courts of the state of Washington with respect to any dispute or claim arising out of or in connection with the Agreement or the use of the Services.").)  It does not appear that any of the Defendants signed those terms and conditions, however.  (*See generally* Terms & Conditions.)  Rather, Helcim's fraud manager asserts that "Helcim processed credit card transactions for MJ's Discount Warehouse . . . pursuant to a manifestation of mutual assent and subject to Helcim's Terms and Conditions."  (9/3/24 Brown Aff. ¶ 5.)  The court is unaware what Helcim means by "manifestation of mutual assent."

1    Given these circumstances, the court cannot find that Helcim has met its burden to

2 show that the court has personal jurisdiction over Defendants.  The court therefore

3 ORDERS Helcim to show cause as to why the court should not deny its emergency

4 motion for a TRO and dismiss this action for lack of personal jurisdiction.  Helcim must

5 do so by no later than **11:59 p.m. on September 5, 2024**.

6    Dated this 4th day of September, 2024.

7

8    JAMES L. ROBART
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 3