1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

HELCIM USA, INC.,

                Plaintiff,

    v.

MJ'S DISCOUNT WAREHOUSE,
INC., et al.,

           Defendants.

CASE NO. C24-1395JLR

ORDER

15

16

17

18

19

20

21

22

Before the court is Plaintiff Helcim USA, Inc.'s ("Helcim") emergency motion for a temporary restraining order ("TRO"). (Mot. (Dkt. # 2).) Helcim asks this court to issue a TRO without notice to Defendants MJ's Discount Warehouse, Inc.; MJ's Wholesale Division; Southern Alliance Company, Inc. ("Southern Alliance"); Therapy Supply, Inc. a/k/a Therapy Supply, LLC a/k/a T&S Supply, Inc.; Jason Phillip Goins; Matthew Inman; Charles Clement; and Chris James (collectively, "Defendants"). (*Id.* at 13-14.) The court issued an order directing Helcim to show cause as to why the court has personal

ORDER - 1

1  jurisdiction over Defendants, who are residents of Alabama.  (9/4/24 Order (Dkt. # 7).)

2  Helcim timely responded to the court's order.  (Resp. (Dkt. # 8).)  The court has reviewed

3  Helcim's submissions, the relevant portions of the record, and the applicable law.

4  Having considered these materials, the court DENIES Helcim's motion.

5      "Motions for temporary restraining orders without notice to and an opportunity to

6  be heard by the adverse party are disfavored and will rarely be granted."  Local Rules

7  W.D. Wash. LCR 65(b)(1); *see also* Fed. R. Civ. P. 65(b)(1) (setting forth requirements

8  for issuing a TRO without notice).

9      To issue emergency injunctive relief, the court must have personal jurisdiction

10  over the parties.  *See Zepeda v. U.S. Immigr. & Naturalization Serv.*, 753 F.2d 719, 727

11  (9th Cir. 1983); *see also Viral DRM LLC v. Onyshchuk*, No. 3:23-cv-04300-JSC, 2024

12  WL 189011, at *1 (N.D. Cal. Jan. 17, 2024) (denying motion for preliminary injunction

13  because the plaintiff "failed to meet its burden of demonstrating the Court has personal

14  jurisdiction over [the d]efendants").  Courts are "particularly reluctant" to issue TROs

15  without notice when there are "concerns about whether [the court] has personal

16  jurisdiction over" the defendants.  *E.g.*, *Stone Metals Am., LLC v. Eubank*, No.

17  3:20-CV-0253-K, 2020 WL 570906, at *2 (N.D. Tex. Feb. 5, 2020).

18      Although Helcim seeks a TRO and injunction as to all Defendants, the court is

19  only satisfied that Helcim has met its burden of demonstrating that the court has personal

20  jurisdiction over MJ's Discount Warehouse, Inc., MJ's Wholesale Division, Mr. Goins,

21  and Mr. Inman.  (*See* Resp. at 5 (naming the individuals and entities Mr. Goins listed as

22  //

ORDER - 2

1    "agents and related entities" to MJ's Discount Warehouse, Inc.); *see also* 9/5/24 Brown

2    Decl. (Dkt. # 9) ¶ 11 (same).[1])

3           Because the court is not satisfied that it can issue the requested injunctive relief

4    against all Defendants without notice, the court DENIES Helcim's motion for an

5    emergency TRO (Dkt. # 2) without prejudice to filing a renewed emergency motion for a

6    TRO against:  (1) all Defendants, with notice; or (2) MJ's Discount Warehouse, Inc.,

7    MJ's Wholesale Division, Mr. Goins, and Mr. Inman, without notice.

8           Dated this 6th day of September, 2024.

9                                                        _____

                                                         JAMES L. ROBART
10                                                       United States District Judge

11

12

13

14

15

16

17

18

19

20    _____

      [1] Helcim asserts that the court should also exercise personal jurisdiction over Southern
      Alliance because the email addresses for Mr. Goins and Mr. Inman are "tied to" Southern
21    Alliance.  (*See* Resp. at 5; *see also* 9/3/24 Brown Aff. (Dkt. # 3) ¶ 11, Ex. B (displaying Mr.
      Goins's email address as "jay@southernallianceco.com").)  The court declines to do so absent
22    evidence that Southern Alliance was a party to Helcim's terms and conditions, rather than simply
      the domain name for Mr. Goins's and Mr. Inman's email addresses.

ORDER - 3